UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **CROSS KEYS BANK** | **CIVIL ACTION NO. 3:21-cv-0618** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **RONNIE WARD, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**RULING**

Pending here is Ronnie Ward and Sharon Ward's ("Appellants" or "the Wards") Motion for Leave [Doc. No. 7] to appeal the decision of the United States Bankruptcy Court for the Western District of Louisiana ("Bankruptcy Court") denying and dismissing with prejudice Appellants' motion to dismiss the bankruptcy of Karcredit, LLC, which was filed on July 17, 2020, as an involuntary chapter 7 proceeding under Title 11 of the United States Code ("Bankruptcy Code") in the Bankruptcy Court, Case No. 20-30681 ("Bankruptcy Case").[1]  The motion is opposed [Doc. No. 13].

The Bankruptcy Court Order at issue in this appeal was entered on March 9, 2021, and stated, in part:

> Before the court is a motion to dismiss this bankruptcy case filed as docket no. 50, which was later amended and filed as docket no. 54. The court issued a total of four (4) orders noting various deficiencies in the motion, the supporting brief and the notice of hearing.
> . . .
>
> The moving parties have either failed or refused to comply with this court's order entered on March 1, 2021 as docket no. 65. The moving parties do not deserve another opportunity to correct the deficiencies. Enough is enough.
>
> This court finds that the moving parties and their counsel have engaged in an "abuse of process" within the meaning of 11 U.S.C. § 105(a).

---

[1] A detailed discussion of the background and history of the litigation between the parties is set forth in the Court's Memorandum Ruling in Case No. 3:20-CV-1467, Doc. No. 20.

> Accordingly, pursuant to the provisions of 11 U.S.C. § 105(a), to prevent the continued abuse of process by the moving parties and their counsel, the motion to dismiss is hereby DENIED, with prejudice.

[Doc. No. 1-1, pp. 1-2].

On March 9, 2021, Appellants filed a Notice of Appeal without seeking leave of court to appeal from an interlocutory order [Doc. No. 1].

On May 3, 2021, Appellants belatedly filed their Motion for Leave [Doc. No. 7]. This followed the entry on April 29, 2021, of a Memorandum Ruling and Judgment by this Court dismissing Appellants' appeal in a related case for failure to obtain leave of court to appeal [Case No. 3:20-CV-01511, Doc. Nos. 33, 34].

District courts have jurisdiction to hear appeals from interlocutory bankruptcy court orders and decrees, but the district courts must first grant appellants leave to appeal. 28 U.S.C. § 158(a)(3). Fifth Circuit jurisprudence confirms that an order denying a motion to dismiss a bankruptcy is an interlocutory order. *See Matter of Phillips*, 844 F.2d 230, 235 (5th Cir. 1988). Such an order simply allows the bankruptcy proceedings to continue. *See id*. Under 28 U.S.C. § 158(a)(3), this Court would only have appellate jurisdiction to consider an appeal of such an order if the appellants had timely complied with the procedures outlined in Rule 8004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), by filing a motion for leave to appeal the interlocutory order along with their notice of appeal, and then only if this Court subsequently found that the motion for leave to appeal should be granted under the relevant standards. Appellants did not file a timely motion under Bankruptcy Rule 8004 with their notice of appeal, thus, this Court does not have jurisdiction over this appeal and, consequently, it should be dismissed.

Additionally, Appellants have failed to meet their burden to establish that the relevant factors weigh in favor of this Court granting leave for an appeal of an interlocutory order. Section 158 does not provide a standard to guide district courts' discretion in deciding whether to grant leave. Although the Fifth Circuit has expressly reserved the question,[2] district courts within the Fifth Circuit look to the factors under 28 U.S.C. § 1292(b) to determine whether to grant leave.[3] Thus, an appellant seeking review of an interlocutory order must show that: (1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the bankruptcy court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

"The decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion." *In re O'Connor*, 258 F.3d 392, 399-400 (5th Cir. 2001) (citation omitted). "Because interlocutory appeals interfere with the overriding goal of the bankruptcy system, expeditious resolution of pressing economic difficulties, they are not favored." *In re Hunt Int'l Res. Corp.*, 57 B.R. 371, 372 (N.D. Tex. 1985) (internal citations omitted); *see Gallinghouse v. Black*, 2016 WL 3033667, at *3 (E.D. La. May 27, 2016). Interlocutory bankruptcy appeals should be limited to cases presenting exceptional circumstances. *See Sims*, 425 B.R. at 290; *In re Turner*, 1996 WL 162110, at *1 (E.D. La. Apr. 3, 1996); *Barkley v. U.S. ex rel. U.S. Dep't of Treasury*, 2007 WL 3445136, at *3 (W.D. La. Nov. 13,

---

[2] *See Matter of Ichinose*, 946 F.2d 1169 (5th Cir. 1991).

[3] *See Matter of Ichinose*, 946 F.2d at 1177 (noting that district courts routinely follow § 1292(b) when considering whether to grant an interlocutory appeal of a bankruptcy court order); *see, e.g., Swank v. L & J Tr.*, 2010 WL 2218181, at *2 (W.D. La. May 28, 2010); *Chartis Specialty Ins. Co. v. Askanase*, 2011 WL 1237939, at *2 (S.D. Tex. Mar. 31, 2011); *Panda Energy Int'l, Inc. v. Factory Mut. Ins.*, 2011 WL 610016, at *3 (N.D. Tex. Feb. 14, 2011); *Sims v. Sunnyside Land, LLC*, 425 B.R. 284, 289 (W.D. La. 2010); *Chambers v. First United Bank & Trust Co.*, 2008 WL 5141264, at *1 (E.D. Tex. Dec. 5, 2008).

2007). Specifically, "The party seeking interlocutory review has the burden of persuading the court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after final judgment." *In re Delta Produce*, 2013 WL 3305537, at *2 (W.D. Tex. June 28, 2013).

Here, Appellants offer no discussion of any standards or jurisprudence governing the exercise of this Court's discretion to grant leave to appeal an interlocutory order in their Motion for Leave. Further, a review of the record does not reveal exceptional circumstances that would justify a departure from the basic policy of postponing appellate review until after final judgement.

For these reasons, Appellants' Motion for Leave [Doc. No. 7] is **DENIED**, and the appeal is **DISMISSED**.

Monroe, Louisiana, this 6th day of May, 2021.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE